[Civ. No. 12288. Second Appellate District, Division Two.—November 3, 1939.]

EDNA DORR, Appellant, v. WILLIAM REHKOPF, Respondent.

August J. O'Connor and George J. Hider for Appellant.

Joseph A. Spray and Charles P. Gould for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before a jury in an action to recover damages resulting from an automobile accident, plaintiff appeals.

The essential facts are:

June 26, 1937, plaintiff was riding as a guest in an automobile which was being operated by Herman C. Werk, Jr., at a speed of 50 miles per hour in a southerly direction on Fremont Avenue and approaching its intersection with Commonwealth Avenue in the city of Alhambra, California. At the same time defendant Rehkopf was proceeding in his

automobile in a northerly direction on Fremont Avenue and approaching the same intersection. Defendant Rehkopf entered the intersection and turned to the west on Commonwealth Avenue. As he did so, the right rear of his car was struck by plaintiff's automobile. In turning to the left defendant Rehkopf failed to comply with the provisions of section 544 of the Vehicle Code (i. e., by giving an appropriate signal during the last 50 feet his automobile traveled before turning, indicating that he intended to turn to the left), and of section 540 of the same code (i. e., by passing immediately to the right of the center of the intersection before turning).

This is the question presented for determination:

█  *Was there substantial evidence to sustain the implied findings of the trial jury that (a) the driver of the car in which plaintiff was riding was negligent in operating his automobile at a speed of fifty miles per hour in approaching the intersection, and (b) such negligence was the sole proximate cause of the accident?*

This question must be answered in the affirmative. There is substantial evidence to sustain the finding of facts set forth above. The law is settled that, where a reasonable inference may be drawn supporting a finding of fact either in favor of the plaintiff or defendant, the trial jury's determination of the fact is conclusive upon an appellate court. (19 Cal. Jur. [1925] 776, sec. 166; 5 Cor. Jur., Sec. [1937] 611, sec. 1648.)

Viewing the evidence in the light most favorable to the defendants (respondents), there is substantial evidence to sustain a finding that the driver of the car in which plaintiff was riding was negligent in driving his automobile at a speed of fifty miles per hour in approaching the intersection, and also that such negligence was the sole proximate cause of the accident. For example, there was testimony that defendant Rehkopf saw the automobile in which plaintiff was riding for the first time when said defendant was 25 feet south of the southerly curb line of Commonwealth Avenue and that at the same time the automobile in which plaintiff was riding was 300 to 350 feet north of the intersection, at which time said defendant did not know the speed at which the car approaching him was traveling, and it was only after said defendant had turned his car to the

left in the intersection that he saw the other automobile was approximately 50 feet away from him, traveling at an excessive rate of speed.

From this evidence the inference may be drawn that, even assuming defendant Rehkopf was negligent, the driver of the automobile in which plaintiff was riding was likewise negligent and such negligence was the sole proximate cause of the accident.

For the foregoing reasons the judgment is affirmed.

Wood, Acting P. J., concurred.